**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**ALPHONSO S. WILSON**                                                                       **PETITIONER**
**ADC #133643**

v.                              **CASE NO.: 5:08CV00081 JLH/BD**

**LARRY NORRIS,**                                                                              **RESPONDENT**
Director, Arkansas Department
of Correction

**RECOMMENDED DISPOSITION**

**I.**   **Procedure for Filing Objections:**

The following recommended disposition has been sent to Chief United States District Judge J. Leon Holmes.  Any party may file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition.  A copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

>Mail your objections and "Statement of Necessity" to:

>>Clerk, United States District Court
>>Eastern District of Arkansas
>>600 West Capitol Avenue, Suite A149
>>Little Rock, AR 72201-3325

**II.     Background:**

A Pulaski County jury found Petitioner Alphonso Wilson guilty of capital murder. *Wilson v. State*, 365 Ark. 664, 232 S.W.3d 455, 457 (2006). Petitioner was sentenced to life imprisonment without parole. *Id*. On direct appeal, Petitioner argued there was insufficient evidence to support his conviction. *Id*. at 457-58. The Arkansas Supreme Court affirmed Petitioner's conviction and issued a mandate on April 4, 2006. *Wilson v. State*, No. CR 07-102, 2007 WL 1448704 at *1 (May 17, 2007).

Petitioner filed two petitions with the trial court under Arkansas Rule of Criminal Procedure 37. (docket entry #6-4 and #6-5)  The trial court noted that the petition under review was filed June 21, 2006, and was untimely. (#6-6 at p. 1)  The court, however, addressed the merits of the petition because the Pulaski County Circuit Clerk's records reflected that Petitioner had filed a Rule 37 petition on May 26, 2006, which would have been timely.[1]  (#6-6 at p. 1)  The trial court denied Petitioner's requested relief finding that his trial counsel had been effective and his allegations of mental incompetence were not supported by the record. (#6-6 at pp. 1-2)

---

[1] At the time the trial court was ruling on the petition, a copy of the earlier-filed petition was not in the case file. (#6-6 at p. 1)

Petitioner appealed the trial court's denial of Rule 37 relief. *Wilson*, 2007 WL 1448704 at *1. The Arkansas Supreme Court, however, dismissed the appeal on Petitioner's motion to extend the time to file his brief. *Id*. The Arkansas Supreme Court held that Petitioner could not succeed in his appeal because the trial court had lacked jurisdiction to consider the Petitioner's Rule 37 petition because the timely filed May 23, 2006 petition was not verified, and the verified petition filed June 21, 2006, was untimely.[2] *Id*. (citing *Shaw v. State*, 363 Ark. 156, 211 S.W.3d 506 (2005)).

Petitioner filed this § 2254 petition for writ of habeas corpus claiming ineffective assistance of counsel for his trial counsel's failure to: (1) challenge the admission of his allegedly coerced custodial statements; (2) object to his being tried as an accomplice when he did not touch a weapon or use a weapon on the victim; and (3) raise duress as a defense. (#2 at pp. 5-8) Petitioner also claims the Arkansas Supreme Court acted unconstitutionally by denying his right to appeal. (#2 at p. 10)

In his response to the petition (#5), Respondent argues the Petitioner's claims are procedurally barred. In his reply to the response, Petitioner claims his trial attorney, the Pulaski County Circuit Clerk, and the Arkansas Supreme Court caused his default. (#7)

---

[2]The record before the Arkansas Supreme Court did not include the petition filed on May 26, 2006, which was referenced in the trial court's order. *Wilson*, 2007 WL 1448704 at *1. The record did contain, however, a petition file-marked May 23, 2006. *Id*.

For the reasons set forth below, the Court recommends that the District Court dismiss the petition with prejudice.

### III. Procedural Default:

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving those courts an opportunity to pass upon and correct any constitutional errors. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347 (2004); see also 28 U.S.C. § 2254(b) and (c). "[A] federal habeas petitioner's claims must rely on the same factual and legal bases relied on in state court." *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006) (citing *Winfield v. Roper*, 460 F.3d 1026, 1034 (8th Cir. 2006); *Osborne v. Purkett*, 411 F.3d 911, 919 (8th Cir. 2005)). Claims in a federal habeas petition not presented in the state court proceedings and for which there is no remaining state court remedy are defaulted, and a habeas petitioner's default will be excused only if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565 (1991). If no cause has been shown, the prejudice element need not be addressed. *McCleskey v. Zant*, 499 U.S. 467, 502, 111 S.Ct. 1454, 1474 (1991).

In this case, the only issue Petitioner raised in his direct appeal was sufficiency of the evidence. Petitioner does not, however, attempt to raise sufficiency of the evidence claim in this petition. Instead, he raises three ineffective assistance of counsel claims and a claim against the Arkansas Supreme Court related to his appeal of the denial of relief under Rule 37.

Petitioner has not properly presented any of these claims to the state courts. As set out above, Petitioner attempted to bring a Rule 37 petition before the trial court raising ineffective assistance of counsel and mental incompetence. (#6-8 at pp. 18-19) The Arkansas Supreme Court, however, ruled the petition was untimely. *Wilson*, 2007 WL 148704 at *1. Consequently, all of the claims Petitioner raises are procedurally defaulted unless he can establish "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2565.

A.    *Cause and Prejudice*

Cause is established when "some objective factor external to the defense impede[s] . . . efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639 (1986). Petitioner claims ineffective assistance of counsel caused his default. In proceedings in which the Sixth Amendment requires legal representation, ineffective assistance of counsel can be cause for a procedural default. *Murray*, 477 U.S.

at 488. A defendant is not, however, constitutionally entitled to effective assistance of counsel in state post-conviction proceedings. See *Coleman*, 501 U.S. at 752. Consequently, any post-conviction advice Petitioner received from counsel who represented him at trial or on direct appeal cannot constitute cause for his procedural default of his Rule 37 petition. See *Nolan v. Armontrout*, 973 F.2d 615, 616-17 (8th Cir. 1992); *Lamp v. State of Iowa*, 122 F.3d 1100, 1105 (8th Cir. 1997).

Furthermore, "a claim of ineffective assistance must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Wyldes v. Hundley*, 69 F.3d 247, 253 (8th Cir. 1995), cert. denied, 517 U.S 1172, 116 S.Ct. 1578 (1996) (quotation omitted). In this case, Petitioner did not file a timely, verified Rule 37 petition with the trial court alleging ineffective assistance of his trial counsel.[3] *Wilson*, 2007 WL 1448704 at *1. Accordingly, Petitioner cannot raise ineffective assistance of counsel as cause for his procedural default.

Petitioner also claims unidentified officials at the Pulaski County Circuit Clerk's office caused his default. (#3 at p. 7) "[I]nterference by officials that makes compliance with the State's procedural rule impracticable" may amount to cause. *McCleskey v. Zant*, 499 U.S. 467, 494, 111 S.Ct. 1454 (1991) (internal quotations omitted). Petitioner does

---

[3]The trial court mistakenly considered petitioner's ineffective assistance of counsel claims and denied relief holding the claims lacked merit. (#6-8 at pp. 23-24)

not, however, state how the clerk caused his default. Instead, he cites to the Arkansas Supreme Court's opinion dismissing his Rule 37 petition.

Assuming Petitioner is claiming the Circuit Clerk caused his default by filing his unverified petition, Petitioner's claim lacks merit. While the rule instructs the clerk not to accept an unverified petition for filing, it does not place upon the clerk an affirmative duty to return the unaccepted petition or notify the petitioner of the deficiency. ARK. R. CRIM. P. 37.1(d)  The facts of this case do not support an argument that the clerk caused the default.

Finally, Petitioner claims the Arkansas Supreme Court caused his default by dismissing his appeal. Petitioner claims that the Arkansas Supreme Court's decision was contrary to his clearly established Constitutional right to effective assistance of counsel. The Arkansas Supreme Court's decision to dismiss Petitioner's appeal on grounds that the trial court lacked jurisdiction to hear Petitioner's ineffective assistance of counsel claims turns on state law, namely Arkansas courts' interpretation of the requirements of Arkansas Rule of Criminal Procedure 37. *Wilson*, 2007 WL 1448704 at *1. This Court cannot review the Arkansas Supreme Court's determinations of state law. As the United States Supreme Court stated, "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62,

68-69, 112 S.Ct. 475, 480 (1991). Because state law governed the question of the trial court's subject matter jurisdiction, this Court is bound by the Arkansas Supreme Court's ruling on the issue. *Maynard v. Lockhart*, 981 F.2d 981, 986 (8th Cir. 1992) (citing *Carlson v. State*, 945 F.2d 1026, 1029 (8th Cir. 1991)).

B.  *Miscarriage of Justice*

Petitioner also may overcome procedural default by showing that failure to hear his petition would result in a miscarriage of justice. To establish a miscarriage of justice, a petitioner must show that, based on new evidence, a constitutional violation has resulted in the conviction of someone who is actually innocent. *Pitts v. Norris*, 85 F.3d 348, 350 (8th Cir. 1996). This exception is concerned only with claims of actual innocence, not legal innocence. *Id*. A claim of actual innocence requires that a petitioner "support his allegation of constitutional error with new reliable evidence. . . ." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865 (1995)). Actual innocence may be established by a credible declaration of guilt by another, a trustworthy eyewitness account, or exculpatory scientific evidence. *Id*.

Petitioner argues innocence but has not come forward with any *new* evidence of actual innocence in order to overcome the procedural default. Thus, his petition should be denied.

## IV.    Conclusion

The Court recommends that the District Court dismiss with prejudice Petitioner's petition for writ of habeas corpus (#2).

DATED this 7th day of April, 2009.

_____
UNITED STATES MAGISTRATE JUDGE